IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OLGA FRID,

    Plaintiff,

  v.

FIRST REPUBLIC BANK, a California corporation, SAMDANI SHAIK, an individual, and DOES 1–10, inclusive,

    Defendants.
                                     /

No. C 12-00806 WHA

**STAY ORDER AND VACATING HEARING AND ORDER CONTINUING CASE MANAGEMENT CONFERENCE**

     In this employment dispute, defendant First Republic Bank moves to enforce the following arbitration clause:

> The undersigned Employee, Olga A. Frid, Quality Assurance Analyst, and First Republic Bank, agree that any claims either party has arising out of or relating to the Employee's employment shall be resolved by final and binding arbitration . . . The arbitration process may be initiated by either party . . . The arbitration shall be before a single arbitrator in accordance with the rules of the American Arbitration Association or such alternative dispute resolution service as agreed upon by the parties. The parties may engage in discovery sufficient to adequately arbitrate the claim(s) in dispute . . . The arbitrator may award such remedy as he/she deems just and equitable, including punitive damages, that would have been available if the matter had been heard in court . . . First Republic Bank shall pay any filing fee and the fees or costs of the arbitrator. Each party shall pay for its own costs and attorneys' fees, if any. However, if any party prevails on a statutory claim that affords the prevailing party attorneys' fees and/or costs, or if there is a written agreement providing for attorneys' fees and/or costs, the arbitrator may award reasonable

> attorneys' fees and/or costs to the prevailing party, applying the same standards a court could apply under the applicable law . . . First Republic Bank reserves the right to modify this agreement at any time with or without notice.

This was in a single-page agreement signed by plaintiff when she accepted employment as a quality-assurance analyst. In this civil action, she now alleges claims covered by the agreement.

Section 2 of the Federal Arbitration Act (FAA) makes agreements to arbitrate "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. 2.

Under the FAA, district courts should apply ordinary principles of state contract law to determine the validity of an agreement to arbitrate. What the FAA does not permit is that arbitration agreements be declared unenforceable by defenses "that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1746. As *Concepcion* makes clear, if a generally applicable doctrine, such as unconscionability, is applied under state law in a fashion that particularly disfavors arbitration, then the rule interferes with arbitration and is preempted by the FAA. *Id.* at 1747. Yet, *Concepcion* did not overthrow the state common-law contract defense of unconscionability whenever an arbitration clause is involved. Rather, the Supreme Court reaffirmed that the Act's savings clause — that arbitration agreements may still be declared unenforceable "upon such grounds as exist at law or in equity for the revocation of any contract" — preserves generally applicable contract defenses such as unconscionability, so long as those doctrines are not applied in a fashion that disfavors or interferes with arbitration. *Kilgore v. KeyBank, Nat'l Ass'n*, 673 F.3d 947 (9th Cir. 2012).

The agreement in question here is substantively fair except for one egregious provision, namely the clause that allows the bank to modify the arbitration agreement at any time with or without notice. This unilateral right rendered the contract illusory and was and remains beyond the pale under California contract law. *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1179 (9th Cir. 2003).

2

This does not matter too much, however, because the clause can and will be severed pursuant to California Civil Code Section 1670.5(A). In this regard, defendant First Republic Bank has never tried to take advantage of the clause, at least insofar as this record shows. The remainder of the agreement will function perfectly well without the unilateral modification clause.

It is unnecessary to reach the question of procedural unconscionability.

This action will be **STAYED** for a reasonable period of time to permit plaintiff's claim to be arbitrated. If the arbitration is delayed unreasonably despite diligence by plaintiff, then the stay will be lifted and plaintiff will be allowed to litigate here in court. Assuming plaintiff is diligent in prosecuting the arbitration, the Court anticipates that it should be concluded within one year. If this timetable starts to slide through delay (not due to plaintiff), then either side may ask that the stay be lifted. The hearing is **VACATED** as unnecessary and the case management conference is **CONTINUED** to **JANUARY 31, 2013, AT 11:00 A.M.**

**IT IS SO ORDERED.**

Dated: May 2, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE