1  HANSON BRIDGETT LLP
   JAHMAL T. DAVIS, SBN 191504
2  jdavis@hansonbridgett.com
   JANE M. FEDDES, SBN 282117
3  425 Market Street, 26th Floor
   San Francisco, California 94105
4  Telephone:    (415) 777-3200
   Facsimile:    (415) 541-9366
5
   Attorneys for Defendants
6  FIRST REPUBLIC BANK and
   SAMDANI SHAIK
7

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| OLGA FRID,<br><br>    Plaintiff,<br><br>    v.<br><br>FIRST REPUBLIC BANK, a California Corporation and SAMDANI SHAIK, an individual, and DOES 1- 10, inclusive,<br><br>    Defendants. | Case No. CV 12-0806 JST<br><br>**DEFENDANTS FIRST REPUBLIC BANK'S AND SAMDANI SHAIK'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE ARBITRATION AWARD**<br><br>Judge:   Hon. Jon S. Tigar<br><br>Trial Date:    Not set |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. PROCEDURAL BACKGROUND ................................................................................. 2

III. LEGAL STANDARD ..................................................................................................... 3

IV. LEGAL ANALYSIS ....................................................................................................... 4

    A. Under the FAA, An Arbitrator Does Not Exceed His Power By Failing To Provide A Written Explanation For The Award, And The Lack Of A Written Explanation Is Not Grounds For Vacatur Of An Award. ............................ 4

        1. Arbitration agreements cannot go beyond the scope of the FAA and supply additional grounds for a federal court to vacate an award. ................. 4

        2. Arbitrator Madison's June 17 written award provided sufficient factual findings regarding Plaintiff's retaliation and IIED claims. ................. 5

    B. Costs are permitted and routinely awarded under FEHA, ADA, and Section 1981 claims. .................................................................................................... 8

V. CONCLUSION ............................................................................................................. 10

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Armendariz v. Foundation Health Psychcare Servs. Inc.*
    24 Cal.4th 83 (2000) .................................................................................................... 3

*Biller v. Toyota Motor Corp.*
    668 F.3d 655 (9th Cir. 2012) ................................................................................ 4, 5, 7

*Biller v. Toyota Motor Corp.*, 2011 U.S. Dist. Lexis 154655 (C.D. Cal. March 17, 2011) .............. 5

*Bosack v. Soward*
    586 F.3d 1096 (9th Cir. 2009) ..................................................................................... 4, 5

*Cohen v. Fred Meyer, Inc.*
    686 F.2d 793 (9th Cir. 1982) ........................................................................................ 6

*Hatai v. Dep't of Transp.*
    214 Cal. App. 4th 1287 (2013) .................................................................................... 9

*Janken v. GM Hughes Elec.*
    46 Cal. App. 4th 55 (1996) .......................................................................................... 7

*Kyocera Corp. v. Prudential-Bache T Servs.*
    341 F.3d 987 (9th Cir. 2003) .............................................................................. 1, 3, 4, 5

*Lagstein v. Certain Underwriters at Lloyd's, London*
    607 F.3d 634 (9th Cir. 2010) ........................................................................................ 3

*Miller v. UPS, Inc.*
    2004 U.S. Dist. LEXIS 15809 (N.D. Cal. Aug. 6, 2004) ............................................. 6

*Mokler v. Cnty. of Orange*
    157 Cal. App. 4th 121 (2007) ...................................................................................... 5

*Olson v. Arv Assisted Living, Inc.*
    2002 Cal. App. Unpub. LEXIS 9150 (Cal. Ct. App. Oct. 1, 2002) ............................. 9

*Perez v. Cnty. of Santa Clara*
    111 Cal. App. 4th 671 (2003) ...................................................................................... 9

*Raad v. Fairbanks N. Star Borough*
    323 F.3d 1185 (9th Cir. 2003) ...................................................................................... 6

*Raine v. City of Burbank*
    135 Cal. App. 4th 1215 (2006) .................................................................................... 6

*Sanglap v. LaSalle Bank*
    194 F. Supp. 2d 798 (N.D. Ill. 2002) ........................................................................... 9

*Stegall v. Citadel Broadcasting Co.*
    350 F.3d 1061 (9th Cir. 2003) .................................................................................... 5

*Wilko v. Swan*
    346 U.S. 427 (1953) ................................................................................................... 4

*Williams v. Hevi-Duty Elec. Co.*
    122 F.R.D. 206 (M.D. Tenn. 1988) ........................................................................... 9

**<u>STATUTES</u>**

42 U.S.C. § 12205 ................................................................................................................... 8

42 U.S.C. § 1981 ..................................................................................................................... 8

42 U.S.C. § 1988(b) ................................................................................................................ 8

9 U.S.C. § 11 ........................................................................................................................... 3

9 U.S.C. § 2 (2006) ................................................................................................................. 2

Code of Civil Procedure Section 1032(b) ........................................................................... 8, 9

Fed. R. Civ. P. 54(d) ............................................................................................................... 8

Government Code Section 12965(b) ...................................................................................... 8

Labor Code Section 226.7 ...................................................................................................... 2

## I.     INTRODUCTION

Under the Federal Arbitration Act ("FAA"), the standard for vacating arbitration awards is exceedingly high.  To vacate an arbitration award, Plaintiff Olga Frid must demonstrate to this Court that the arbitrator exceeded his power – that his award represents a manifest disregard of the law or is completely irrational.  *Kyocera Corp. v. Prudential-Bache T Servs.*, 341 F.3d 987, 997 (9th Cir. 2003)   Plaintiff has not, nor can she meet this standard.

Plaintiff does not assert the arbitrator exhibited a manifest disregard for the law, that the award is completely irrational.  Plaintiff does not even actual contend that the arbitrator got the decision "wrong."  Instead, Plaintiff alleges that the arbitrator exceeded his power by not issuing written findings of fact on two of her claims:  retaliation under the Fair Employment and Housing Act ("FEHA") and the American's with Disabilities Act ("ADA") and intentional infliction of emotional distress ("IIED").  She further alleges the arbitrator exceeded his power by awarding First Republic Bank (the "Bank") costs under FEHA, the ADA and Section 1981 of the Civil Rights Act ("Section 1981").

The law simply does not require an arbitrator to issue a written explanation for his award.  The failure to issue a written explanation does not rise to the level of exceeding power.  Moreover, the arbitrator *did* issue a written award – a detailed, lengthy award setting forth his factual findings and conclusions over the span of 23 pages.  Conveniently, Plaintiff's counsel failed to attach the June 17, 2013 award to his declaration.  The award clearly set forth the factual findings and conclusions that resulted in the dismissal of the retaliation claims and the IIED claims.

Plaintiff's contention that an award of costs exceeded the arbitrator's authority as FEHA, the ADA, and Section 1981 do not permit an award of costs is completely unsupported by the law.  The text of FEHA, the ADA and Section 1981 specifically allow the prevailing party to recover costs. Additionally, an award of costs to the prevailing party is simply not emblematic of the arbitrator exceeding his power.

As Plaintiff has not and cannot demonstrate the arbitrator exceed his power and manifestly disregarded the law in dismissing Plaintiff's retaliation and IIED claims or awarding the Bank costs, Plaintiff's motion to vacate the award must be denied and the arbitration award affirmed.

## II. PROCEDURAL BACKGROUND

On February 17, 2012, Claimant filed the above-captioned lawsuit against the Bank and Shaik. Claimant asserted seven claims for relief against the Bank: disability discrimination-failure to accommodate and retaliation pursuant to the Fair Employment and Housing Act and the American's with Disabilities Act (the first, second, third and fourth claims), intentional infliction of emotional distress (fifth claim), violation of Cal. Lab. Code § 226.7 (Deering) (denial of meal and rest breaks) (sixth claim), and unfair competition (seventh claim). (*See* Dkt. No. 1, Plaintiff's Complaint) She asserted one claim against Shaik: intentional infliction of emotional distress (fifth claim). (*See* Dkt. No. 1) Defendants filed a motion to compel arbitration pursuant to the arbitration agreement between the Parties. (*See* Dkt. No. 7, Defendants' Motion to Compel Arbitration) Defendant's motion was granted on May 2, 2012. (*See* Dkt No. 19, Order Granting Motion to Compel)

On February 15, 2013, Defendants submitted their application for summary award to Arbitrator James Madison. (*See* Declaration of Jahmal Davis In Support of Defendants' Opposition to Motion to Vacate ("Davis Decl.") ¶ 2) Plaintiff submitted her opposition on March 1, 2013 and Defendants submitted their response on March 15, 2013. (Davis Decl. ¶ 3) On March 16, 2013, Arbitrator Madison held oral argument on Defendants' application for summary award. (Davis Decl. ¶ 4) Arbitrator Madison listened to oral argument for approximately 90 minutes. (Davis Decl. ¶ 4) On March 19, 2013, Arbitrator Madison issued a written opinion granting a partial summary award and dismissing Plaintiff's claims for retaliation under FEHA and the ADA, intentional infliction of emotional distress, violation of Cal. Lab. Code § 226.7, and unfair competition. (Patten Decl. ¶ 9) Arbitrator Madison also permitted Plaintiff to amend her complaint over one year after it was filed to include a claim for national origin discrimination under Section 1981. (Davis Decl. ¶ 5)

After six days of arbitration and submission of post-arbitration briefs, Arbitrator Madison issued a second written award on June 17, 2013 dismissing Plaintiff's claims and awarding a recovery of costs to the Bank. (Davis Decl. ¶ 6, Ex. A) The Parties engaged in multiple rounds of briefing regarding the Bank's cost memorandum. (Patten Decl. ¶ 12-19) On September 20, 2013,

1  Arbitrator Madison issued the Award of Arbitrator denying Plaintiff's claims and awarding

2  $14,189.60 in costs to the Bank. (Davis Decl. ¶ 7)

### III. LEGAL STANDARD

The Federal Arbitration Act ("FAA") governs the arbitration agreement between Plaintiff and the Bank. (9 U.S.C. § 2 (2006); *See* Dkt. No. 19) Under the FAA, there are only four circumstances in which an arbitration award may be vacated by a federal court[1]:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 11.

Plaintiff alleges this arbitration award should be vacated as to her retaliation and IIED claims and the award of costs because Arbitrator Madison exceeded his power. Courts have determined that arbitrators "exceed their powers" when the award is "completely irrational or exhibits a manifest disregard of the law." *Kyocera Corp.*, 341 F.3d at 997 (internal quotations omitted) More specifically, "[m]anifest disregard of the law means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law." *Lagstein v. Certain*

---

[1] Curiously, Plaintiff fails to cite the FAA's standard for vacating an arbitration award. Instead, Plaintiff cites *Armendariz v. Foundation Health Psychcare Servs. Inc.*, 24 Cal.4th 83 (2000). *Armendariz* sets forth the standard under California law for the enforceability of arbitration agreements, but does not speak to the vacatur of awards. It does, however, briefly contemplate what is required in an arbitrator's written award stating "All we hold today is that in order for such judicial review to be successfully accomplished, an arbitrator in a FEHA case must issue a written arbitration decision that will reveal, however briefly, the essential findings and conclusions on which the award is based." *Id.* at 107. As identified in this opposition, Arbitrator Madison issued a lengthy award revealing in detail his findings of fact and conclusions on which the award was based.

*Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010)

## IV.     LEGAL ANALYSIS

**A.     Under the FAA, An Arbitrator Does Not Exceed His Power By Failing To Provide A Written Explanation For The Award, And The Lack Of A Written Explanation Is Not Grounds For Vacatur Of An Award.**

   **1.     Arbitration agreements cannot go beyond the scope of the FAA and supply additional grounds for a federal court to vacate an award**.

Plaintiff does not contend Arbitrator Madison misapplied the law, ignored evidence, or came to the wrong conclusion in dismissing her retaliation and IIED claims.  She does not argue that the dismissal of these claims was a "manifest disregard for the law" or that the dismissal was completely irrational.  Instead, Plaintiff's entire argument hinges on the premise that Arbitrator Madison exceeded his power by allegedly not providing a written factual basis for his dismissal of the retaliation and IIED claims.  Plaintiff cites no authority to support her belief that the lack of a written explanation for an award meets the standard for vacatur of an award on the grounds the arbitrator exceeded his authority.  Plaintiff cannot provide authority to support this position as the law does not require a written explanation for an arbitration award.

As the FAA enumerates the specific limited grounds on which a federal court may vacate an arbitration award, "private parties may not contractually impose their own standard on the courts." *Kyocera Corp.*, 341 F.3d at 994.  "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute, which is unambigious in this regard." *Id.*  This means that arbitrators are not required under the FAA to set forth their factual findings, reasoning or legal conclusions to support their award. *Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009)  Awards need not be written and "may be made without explanation of their reasons and without a complete record of their proceedings." *Wilko v. Swan*, 346 U.S. 427, 436 (1953) overruled in part on other grounds.

For instance, in *Biller v. Toyota Motor Corp.*, 668 F.3d 655 (9th Cir. 2012), the Ninth Circuit upheld the district court's determination that the lack of a written award was not grounds for vacatur under the FAA.  The agreement between the parties required the arbitrator to "issue with his/her award a written discussion sufficient to permit limited judicial review to enforce or

1  vacate the arbitration award." *Id.* at 666.  The plaintiff argued the arbitrator violated the
2  contractual requirements of the agreement when he failed to directly address the plaintiff's
3  affirmative defenses in the written award and that such a violation permitted the district court to
4  vacate the award.  The district court disagreed, noting that this argument was "outside the scope of
5  the instant Motion because the Parties' arbitration agreement cannot supply additional grounds for
6  a district court to refuse to confirm an arbitration award." *Biller v. Toyota Motor Corp.*, 2011 U.S.
7  Dist. Lexis 154655 (C.D. Cal. March 17, 2011)  The Ninth Circuit upheld this decision focusing
8  its analysis on *Bosack* which held that the FAA did not permit vacatur merely on the failure of an
9  arbitrator to provide a written explanation of his award.  *Biller,* 668 F.3d at 666.

10        The case law is unequivocal.  Private parties cannot add to the standard of review provided
11  for in the FAA, and, moreover, there is no requirement for arbitrators to provide written
12  explanations for their awards.  *See Kyocera Corp.*, 341 F.3d at 994; *see also Bosack*, 586 F.3d at
13  1104.  A failure to provide a written explanation is not tantamount to an arbitrator exceeding his
14  power and does not rise to the level of a manifest disregard for the law.  As such, Plaintiff's motion
15  to vacate the award must be denied and the award affirmed.

16        2.    **Arbitrator Madison's June 17 written award provided sufficient factual findings regarding Plaintiff's retaliation and IIED claims.**

17

18        Arbitrator Madison *did* provide a written award 23 pages in length, detailing his factual
19  conclusions.  (Davis Decl. ¶ 6, Ex. A)  Plaintiff's counsel conveniently failed to attach this detailed
20  award to his declaration, instead only attaching the cover page of the award.  (Patten Decl. ¶ 11,
21  Ex. G)  In the award, even though Arbitrator Madison does not directly address Plaintiff's
22  retaliation and IIED claims, his factual findings make clear why these claims were dismissed.[2]
23        Plaintiff's retaliation claim was premised on the notion that she engaged in protected

---

[2] As noted in footnote 1, Plaintiff cites *Armendariz* as requiring a written award.  Although not the appropriate standard for evaluating an arbitration award, *Armendariz* required an award that would "reveal, however briefly, the essential findings and conclusions on which the award is based."  Arbitrator Madison's detailed, lengthy award more exceeds this requirement.  *Armendariz*, 24 Cal.4th at 107.

28

5993712.3

-5-
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO VACATE ARBITRATION AWARD
(CASE NO. CV 12-0806 JST)

1  activity by requesting a leave of absence as an accommodation for her disability.  To establish a
2  retaliation claim under FEHA or the ADA, she must show (1) she engaged in a protected activity,
3  (2) her employer subjected her to an adverse employment action, and (3) there is a causal link
4  between the two.  *Stegall v. Citadel Broadcasting Co.*, 350 F.3d 1061, 1065-1066 (9th Cir. 2003);
5  *Mokler v. Cnty. of Orange*, 157 Cal. App. 4th 121 (2007).  In addition, she also must "make some
6  showing sufficient for a reasonable trier of fact to infer that the Bank was aware that she had
7  engaged in protected activity." *See Raad v. Fairbanks N. Star Borough*, 323 F.3d 1185, 1197 (9th
8  Cir. 2003); *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982).

9  Arbitrator Madison determined Plaintiff's request for leave did not constitute a request for
10 an accommodation and that the decision to terminate Plaintiff was made before the Bank ever had
11 any inkling she may have a disability and before she ever requested a leave of absence.   The
12 award stated:

> Even if Frid's condition on December 9 did constitute a disability,
> however, the preponderance of the evidence did not show that Frid's
> request to Alvarez communicated to the Bank anything about her
> being disabled as distinguished from merely being sick, as she had
> advised Shaik by email on the same morning.  Thus, it did not
> constitute a request for an accommodation or trigger a duty to
> engage in an interactive process." *See Raine v. City of Burbank*, 135
> Cal. App. 4th 1215 (2006).
>
> Shaik was authorized to and had decided to terminate her well
> before the Bank had any inkling of her claimed disability.  Shaik
> decided to terminate her even before she claimed to be disabled, and
> the reason for terminating her was not a pretext. (Davis Decl., ¶ 6,
> Ex. A, p. 20-21)

The written award makes clear the decision to terminate Plaintiff was made before she requested a leave.  It also makes clear Arbitrator Madison determined Plaintiff never engaged in any protected activity as her request for leave did not communicate anything regarding a disability to the Bank.  Without engaging in protected activity, Plaintiff could not prevail on any claim for retaliation.  As shown, the written factual findings in Arbitrator Madison's award do articulate and explain the basis for the denial of Plaintiff's retaliation claims.

Similarly, the written factual findings confirm why Plaintiff's IIED claims were dismissed.

In order to establish a claim for IIED, Plaintiff must present evidence that Shaik or the Bank engaged in extreme or outrageous conduct with an intent to cause Claimant's emotional distress. *Miller v. UPS, Inc.*, No. C 03-2405 PJH, 2004 U.S. Dist. LEXIS 15809 (N.D. Cal. Aug. 6, 2004) Mere personnel management activity will not suffice to meet the requisite showing for a claim for intentional infliction of emotional distress. *Janken v. GM Hughes Elec.*, 46 Cal. App. 4th 55, 80 (1996)

In the award, Arbitrator Madison wrote:

> A more adept manager than Shaik might have been more clear with Frid at the interview stage about what he expected in a quality assurance analyst and learned that her skill set did not match what he was looking for. And he might have been more forthcoming with her as things went along the respects in which her skill set was not matching what he was looking for. Depending on his personal inclinations, his time availability his assessment of Frid's learning potential and the availability of alternatives, he might even have undertaken to develop her skills so they matched the needs of the position.
>
> What the evidence did not show, however, was that Shaik or the Bank discriminated against Frid because of any disability or because of her ethnicity, i.e., that her termination was in any way wrongful.
>
> \*       \*       \*
>
> Termination decisions are not easy to make or implement or to experience. Thus, the evidence that Shaik did not do a better job of it or that Frid suffered as she did was not surprising. However, the decision was not taken in the face of any claim of disability, and neither race nor ethnicity was in any way a motivating factor.
> (Davis Decl. ¶ 6, Ex. A, p. 18-19, 23)

The award notes Shaik's shortcomings as a manager, but also indicates this was nothing more than a termination decision which is tantamount to a personnel decision. Such a decision, without more cannot amount to the extreme and outrageous conduct necessary to establish a claim for IIED. *Id.*

Arbitrator Madison's award did not directly state the impact of his factual findings on the retaliation claim, his factual finds make clear why the retaliation and IIED claims were dismissed. Similarly, in *Biller*, the court noted that even though the arbitrator used different language to

1 describe the plaintiff's issues, it "did not read the Arbitrator's decision as ignoring Plaintiff's
2 affirmative defenses . . . the Arbitrator has responded to the substance of Plaintiff's concerns."
3 *Biller*, 2011 U.S. District LEXIS 154655 at *5.  The June 17, 2013 award addresses the substance
4 of Plaintiff's retaliation and IIED claims and as such, Plaintiff cannot argue Arbitrator Madison did
5 not issue written factual findings on the issue.  Plaintiff's motion to vacate the award must be
6 denied.

**B.     Costs are permitted and routinely awarded under FEHA, ADA, and Section 1981 claims.**

Inexplicably, Plaintiff asserts "42 U.S.C. § 1981 (2006), FEHA and the ADA are not 'statutory claim[s] that afford the prevailing part . . . costs' as none provide for costs to be awarded to a prevailing party."  It is clear from the text of each of these statutes and the Federal Rules of Civil Procedure that the prevailing party *is* entitled to recover costs incurred in proceeding with the lawsuit.  See Gov't Code § 12965(b); Fed. R. Civ. P. 54(d); 42 U.S.C. § 12205; 42 U.S.C. § 1981.

Specifically, FEHA states "[i]n civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorney's fees and costs, including expert witness fees."  Gov't Code § 12965(b).  Additionally, Cal. Civ. Proc. Code § 1032(b) provides a catch-all provision for statutes that do not address awards to prevailing parties stating "[e]xcept as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding."

Similarly, the Federal Rules of Civil Procedure state "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  Moreover, both the ADA and Section 1981 provide that the prevailing party may be awarded costs.  The ADA states "[i]n any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs."  42 U.S.C. § 12205.  Section 1981 states that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as party of

1  the costs." 42 U.S.C. § 1988(b).

2      The arbitration agreement explicitly allows either party to recover attorneys' fees and/or

3  costs **if it prevails on a statutory claim that allows the prevailing party to recover attorneys'**

4  **fees and/or costs**. As state above, each of Plaintiff's statutory claims provide that the prevailing

5  party may be awarded costs. An award of costs under these statutory claims is expressly permitted

6  by the arbitration agreement.

7      Additionally, courts routinely award costs under each of these statutes. *Perez v. Cnty. of

8  Santa Clara*, 111 Cal. App. 4th 671, 681 (2003) (awarding costs to the prevailing defendant in a

9  case under FEHA); *Hatai v. Dep't of Transp.*, 214 Cal. App. 4th 1287, 1299 (2013) (stating that

10  under California Code of Civil Procedure Section 1032(b) provides for costs "as a matter of right"

11  absent express statutory provision to the contrary). In support of her assertion that prevailing

12  parties are not entitled to costs under FEHA, the ADA or Section 1981, Plaintiff illogically cites

13  two cases where the prevailing defendant *was* awarded costs under the ADA and Section 1981,

14  respectively. *See Sanglap v. LaSalle Bank*, 194 F. Supp. 2d 798 (N.D. Ill. 2002) (stating "[t]here

15  is a strong presumption favoring the award of costs to the prevailing party" as it awarded the

16  prevailing defendant a portion of its requested costs); *see Williams v. Hevi-Duty Elec. Co.*, 122

17  F.R.D. 206 (M.D. Tenn. 1988) (awarding the prevailing defendant a portion of its requested costs

18  after considering the plaintiff's financial condition). She also cites an unpublished California

19  Court of Appeals case. *See Olson v. Arv Assisted Living, Inc.*, 2002 Cal. App. Unpub. LEXIS

20  9150 (Cal. Ct. App. Oct. 1, 2002)

21      *Olson* is readily distinguishable from the case at hand. In *Olson*, the arbitration agreement

22  required the parties to bear both their costs and fees, unless "any party prevails on a statutory

23  claim *which affords the prevailing party attorneys' fees*." *Id.* at *26 (emphasis added). As the

24  agreement only carved out an award of attorneys' fees to the prevailing party, the court declined to

25  award the prevailing party costs. The arbitration agreement between Claimant and the Bank

26  clearly states: "if any party prevails on a statutory claim that affords the prevailing party attorneys'

27  fees and/or costs . . . the arbitrator may award reasonable attorneys' fees and/*or costs*." The

28  agreement explicitly provides for an award of costs when such an award is permitted by the

1  statutory claim asserted.

2      As Plaintiff has presented no legal authority to rebut the clear fact that ADA, FEHA, and Section 1981 permit awards of costs to the prevailing party, the Bank respectfully requests the Court confirm the award it $14,189.60 in costs as outlined in its July 1, 2013 letter.

## V.    CONCLUSION

Based on the foregoing, Defendants respectfully request this Court deny Plaintiff's motion to vacate the arbitration award and confirm the award dismissing Plaintiff's claims for retaliation and IIED and an award of costs of $14,189.60.

DATED: December 11, 2013                HANSON BRIDGETT LLP

By:    /s/ Jane M. Feddes
JAHMAL T. DAVIS
JANE M. FEDDES
Attorneys for Defendants
FIRST REPUBLIC BANK and
SAMDANI SHAIK