United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OLGA FRID,

Plaintiff,

v.

FIRST REPUBLIC BANK, et al.,

Defendants.

Case No. 12-cv-00806-JST

**ORDER DENYING MOTION TO VACATE ARBITRATION AWARD**

Re: ECF No. 36

In this action for wrongful termination and employment discrimination, Plaintiff Frid moves to vacate an arbitration award on the ground that the arbitrator exceeded his authority under 9 U.S.C. § 10(a)(4). Defendants oppose the motion. For the reasons stated below, the motion is DENIED.

## I. BACKGROUND

Plaintiff Olga Frid is a former employee of First Republic Bank ("First Republic"). She worked under the direct supervision of Defendant Samdani Shaik. The terms of her employment were governed by a contract that contained an arbitration provision ("the arbitration agreement").

Frid brings this action against Defendants First Republic and Shaik for wrongful termination, employment discrimination, and retaliation. The gravamen of the complaint is that Defendants terminated her and retaliated against her on the basis of her disability and race. Frid asserts the following seven claims in the complaint, which she filed on February 17, 2012: (1) disability discrimination in violation of the Americans with Disabilities Act ("ADA"); (2) retaliation in violation of the ADA; (3) disability discrimination under California's Fair Employment and Housing Act ("FEHA"); (4) retaliation under FEHA; (5) intentional infliction of emotional distress ("IIED"); (6) violations of California Labor Code section 226.7 and IWC Wage Order No. 4 for failure to provide reasonable rest breaks and meal periods; and (7) unfair

competition under California's Unfair Competition Law. Id.

On April 3, 2012, Defendants moved to compel the arbitration of all claims asserted in the complaint based on the arbitration agreement. ECF No. 7. The Court granted this motion on May 2, 2012. ECF No. 19.

On March 19, 2013, the arbitrator issued a written order granting Defendants a partial summary award and stating that he would dismiss in his forthcoming decision Frid's claims for failure to provide rest breaks and meal periods under the California Labor Code, unfair competition under the UCL, IIED, and retaliation under the ADA and FEHA. Patten Decl., Ex. F, at 2-3. The arbitrator reasoned that "[n]o triable issue of material fact appears to exist with respect to any of these claims." Id. at 3.

On June 17, 2013, the arbitrator dismissed all of Frid's claims, including the claims that he did not previously indicate would be dismissed, in a 23-page opinion. Davis Decl., Ex. A at 19-21. Then, on July 18, 2013, the arbitrator issued a supplemental decision in which he awarded costs to First Republic on the ground that the arbitration agreement gave him discretion to award costs to the prevailing party on certain statutory claims. Patten Decl., Ex. J at 2-3. The arbitrator issued his final order on September 20, 2013, in which he incorporated by reference his prior rulings and awarded First Republic $14,189.60 in costs. Patten Decl., Ex. M.

## II. DISCUSSION

Frid now moves to vacate the arbitration award on the ground that the arbitrator exceeded his authority in two ways. First, Frid argues that the arbitrator improperly failed to make sufficient findings of fact and conclusions of law in his written decision with respect to Frid's claims for IIED and retaliation under the ADA and FEHA. Second, Frid argues that the arbitrator improperly awarded costs to First Republic.

Defendants oppose the motion, arguing that an arbitrator's failure to provide a written explanation for his award is not a proper ground for vacating the arbitration award under the Federal Arbitration Act, and that the arbitrator's award of costs was permissible under the arbitration agreement signed by the parties.

The Court addresses each of these arguments in turn.

**A. Frid's Motion to Vacate the Arbitration Award Is Governed by the Federal Arbitration Act**

As a threshold matter, the Court must determine which law governs the resolution of Frid's motion to vacate the arbitration award.

There is a strong presumption that the Federal Arbitration Act ("FAA"), as opposed to state law, supplies the procedural rules that govern all procedural aspects of an arbitration, including motions to vacate an arbitration award in federal court. Johnson v. Gruma Corp., 614 F.3d 1062, 1066-67 (9th Cir. 2010) ("[W]here the FAA's rules control arbitration proceedings, a reviewing court must also apply the FAA standard for vacatur.") (citation omitted). "To overcome that presumption, parties to an arbitration agreement must evidence a 'clear intent' to incorporate state law rules for arbitration[.]" Id. (internal quotation marks omitted). "A general choice-of-law clause within an arbitration provision does not trump the presumption that the FAA supplies the rules for arbitration." Id. at 1066 (internal quotation marks omitted). "A general choice of law clause will be interpreted as electing state substantive law and FAA procedural law." Kim-C1, LLC v. Valent Biosciences Corp., 756 F. Supp. 2d 1258, 1262 (E.D. Cal. 2010).

Here, the parties have not demonstrated a clear intent to adopt California procedural rules for arbitration; accordingly, the presumption that the FAA governs all procedural aspects of the arbitration at issue is not rebutted. The arbitration agreement contains a general choice-of-law provision, which provides that "[t]his Agreement will be governed by and construed according to the laws of the State of California, without regard to its conflict of law principles." Patten Decl., Ex. A, at 6. This provision does not evince a "clear intent" to incorporate California procedural rules under relevant Ninth Circuit law. Indeed, the Ninth Circuit has interpreted general choice-of-law provisions similar to the one at issue here "as simply supplying state substantive, decisional law, and not state law rules for arbitration." See Sovak v. Chugai Pharm. Co., 280 F.3d 1266, 1270 (9th Cir. 2002) (interpreting choice-of-law provision requiring that all disagreements be resolved "pursuant to Illinois law and the rules of the American Arbitration Association" as a "choice-of-law clause [] simply supplying state substantive, decisional law, and not state law rules for arbitration"); cf. Johnson, 614 F.3d at 1067 (interpreting arbitration clause requiring that

arbitration be "conducted and subject to enforcement pursuant to the provisions of California Code of Civil *Procedure* sections 1280 through 1295, or other applicable law" as evincing a clear intent that the agreement be governed by California procedural law) (emphasis added). Accordingly, all procedural aspects of the arbitration at issue are governed by the FAA, and not by California law.

**B. Frid Has Not Met Her Burden to Show that the Arbitrator's Award Can Be Vacated under the FAA**

A court's review of an arbitration award under the FAA is "both limited and highly deferential." Coutee v. Barington Capital Group, L.P., 336 F.3d 1128, 1132 (9th Cir. 2003) (citation and internal quotation marks omitted). Indeed, a court may vacate an arbitration award in four circumstances only:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

The party seeking to vacate the award has the burden of proving that vacatur is appropriate in light of § 10(a). United States Life Ins. v. Superior National Ins. Co., 591 F.3d 1167, 1173 (9th Cir. 2010).

A party seeking to vacate an award on the basis that the arbitrator exceeded his powers under § 10(a)(4) must show that the arbitrator showed a "manifest disregard of law" or that the award he issued is "completely irrational." Bosack v. Soward, 586 F.3d 1096, 1104 (9th Cir. 2009). "This is a high standard for vacatur; [i]t is not enough . . . to show that the [arbitrator] committed an error-or even a serious error." Lagstein v. Certain Underwriters at Lloyd's, London, 607 F.3d 634, 641 (9th Cir. 2010) (citation and internal quotations marks omitted). Indeed,

"[n]either erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute, which is unambiguous in this regard." Bosack, 586 F.3d at 1102 (citation and internal quotation marks omitted).

"'Manifest disregard of the law' means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law." Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co., 44 F.3d 826, 832 (9th Cir. 1995) (citation omitted). To vacate an arbitration award on this ground, "[i]t must be clear from the record that the arbitrators recognized the applicable law and then ignored it." Id.

"An award is completely irrational only where the arbitration decision fails to draw its essence from the agreement." Lagstein, 607 F.3d at 642 (citation and internal quotation marks omitted). This standard is "extremely narrow." Bosack, 586 F.3d at 1106 (citation omitted). "An arbitration award draws its essence from the agreement if the award is derived from the agreement, viewed in light of the agreement's language and context, as well as other indications of the parties' intentions." Lagstein, 607 F.3d at 642 (citation and internal quotation marks omitted). "[T]he question is whether the award is 'irrational' with respect to the contract, not whether the [arbitrator]'s findings of fact are correct." Id. (citation omitted). Further, "[courts] do not decide the rightness or wrongness of the arbitrators' contract interpretation, only whether the [arbitrator]'s decision 'draws its essence' from the contract." Bosack, 586 F.3d at 1106 (citation omitted).

**1. A Failure to Write Factual Findings or Conclusions of Law in an Arbitration Award Is Not a Proper Ground for Vacatur**

Frid argues that the arbitrator exceeded his authority by failing to issue a written opinion containing sufficient factual findings and conclusions of law so as to permit judicial review of the award. Frid contends that the arbitrator was required to issue a written decision containing factual findings and conclusions of law by (1) Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal. 4th 83 (2000), a case holding that a FEHA claim governed by California procedural law is not arbitrable unless the arbitrator issues a "written decision that would permit a limited form of judicial review" by "reveal[ing], however briefly, the essential findings and conclusions on which

the award is based"; and (2) the arbitration agreement itself, which provides that "[t]he arbitrator also shall be bound by applicable state and federal law and shall issue a written award setting forth findings of fact and conclusions of law," Mot. at 6 (citing Patten Decl., Ex. A at 8).

Frid's arguments are unpersuasive. First, Frid's reliance on Armendariz is misplaced, because the case is inapposite. Unlike the arbitration agreement at issue in Armendariz, which was governed by California procedural law, the arbitration agreement at issue in this action is governed by the FAA. This distinction is crucial, because the court in Armendariz explicitly acknowledged that if the arbitration agreement in that case had been governed by the FAA as opposed to California procedural law, the limitations that the court imposed on the arbitrability of FEHA claims, including the limitation requiring a "written decision" as a condition to arbitrability, would be impermissible, as the FAA "generally preempts state legislation that would restrict the enforcement of arbitration agreements, while the CAA obviously does not prevent our Legislature from selectively prohibiting arbitration in certain areas." Armendariz, 24 Cal. 4th at 98 (internal citation omitted). Accordingly, an arbitration agreement that is not governed by California procedural law, such as the one here, is not subject to Armendariz's "written decision" requirement.

Second, the provision in the arbitration agreement upon which Frid relies improperly "alter[s] or expands" the grounds for reviewing arbitration awards under the FAA and is therefore "legally unenforceable." Kyocera, 341 F.3d at 1003. The FAA provides the "exclusive standard by which federal courts may review an arbitrator's decision," and as such, "private parties may not contractually impose their own standard on the courts." Id. at 994. By requiring written findings and conclusions of law, the provision at issue improperly imposes a standard for reviewing the arbitrator's award that goes beyond the FAA's provisions for reviewing arbitration awards. Such provisions do not permit the vacatur of an award on the ground that the award does not contain factual findings or conclusions of law. See Bosack v. Soward, 586 F.3d 1096, 1105 (9th Cir. 2009) (holding that an arbitrator's failure "to make an explicit finding[s] . . . does not warrant vacatur" under the FAA). Indeed, under the FAA, "[a]rbitrators are not required to set forth their reasoning supporting an award." Id. at 1104 (citation omitted). An arbitrator's "award may be

United States District Court
Northern District of California

made without explanation of their reasons and without a complete record of their proceedings[.]" Biller v. Toyota Motor Corp., 668 F.3d 655, 666 (9th Cir. 2012) (citation and internal quotation marks omitted). As such, any contractual provision providing otherwise, like the one here, has no legal effect. Kyocera, 341 F.3d at 1003.

Because the arbitrator was not required to make findings of fact and conclusions of law in his award, any failure to do so cannot be a basis for vacating the award.[1] See Bosack, 586 F.3d at 1105. Accordingly, Frid's motion to vacate the award on this basis is DENIED.

**2. The Arbitrator's Award of Costs Was Proper In Light of the Arbitration Agreement**

Frid argues that the arbitrator exceeded his authority in awarding costs to Defendants because (1) the arbitration agreement in this action purportedly required the parties to bear their own costs; and (2) a prevailing party cannot recover costs under FEHA, the ADA, or 42 U.S.C. § 1981.

The Court concludes that both of Frid's arguments lack merit. The arbitration provision governing the arbitrator's award of costs provides that:

> Each party shall pay for its own costs and attorney's fees, if any. However, if any party prevails on a statutory claim that affords the prevailing party attorney's fees and/or costs, or if there is a written agreement providing for attorney's fees and/or costs, the arbitrator may award reasonable attorneys' fees and/or costs to the prevailing party, applying the same standards a court could apply under the applicable law.

Patten Decl. Ex. A, at 6.[2]

[1] In any event, the arbitration award at issue in this action explains in detail the reasons why the arbitrator dismissed Frid's claims. See Patten Decl., Ex. F, J; Davis Decl., Ex. A.

[2] In her opposition, Frid misquotes this provision so as to omit any mention of "costs," and then argues that costs may therefore not be awarded:

> Again, as demonstrated by Plaintiff, the agreed-upon arbitration provision stated in pertinent part: "Each party will pay for its own costs and attorneys' fees, if any. However, if any party prevails on a statutory claim which affords the prevailing party attorneys' fees, or if there is a written agreement providing for fees, the Arbitrator may award reasonable fees to the prevailing party."

The quoted passage then cites the very arbitration provision it misquotes.

This provision gives discretion to the arbitrator to award fees or costs to the party prevailing on a statutory claim that permits an award of fees or costs. As such, it is not the case that the parties were required to bear their own costs in all circumstances, as Frid contends.[3]

It also is not the case that a prevailing party in this action could not recover costs under § 1981, FEHA, or the ADA. Each of these statutes explicitly permits the prevailing party in actions brought under those statutes to receive an award of costs. See Cal. Gov't Code § 12965(b) ("FEHA") (proving that "[i]n civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorney's fees and costs, including expert witness fees"); 42 U.S.C. § 12205 ("ADA") (providing that "[i]n any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs"); 42 U.S.C. § 1988(b) (providing that "[i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs").

Accordingly, the arbitrator's award of costs to Defendants was not improper in light of the arbitration agreement. No party disputes that Defendants were the prevailing parties in the arbitration. As such, the arbitrator had discretion under the arbitration agreement to award attorney's fees or costs to Defendants in connection with Frid's claims. The arbitrator found that an award of costs would be appropriate in light of the arbitration agreement, as follows:

> The arbitrator believes that the language [of the arbitration agreement] is reasonably to be construed as providing that if any party, in this instance the Bank, prevails in a case involving a statutory claim, whether by it or against it, and if the statute out of which the claim arises provides for an award of costs to the

[3] Frid relies on an unpublished opinion by the California Court of Appeal to support the notion that the arbitration agreement at issue does not permit an award of costs to the prevailing party. See Olson v. ARV Assisted Living, Inc., No. D038336, 2002 WL 31174254 (Cal. Ct. App. Oct. 1, 2002). That case is not helpful, because, in addition to having no precedential value, it is inapposite. The arbitration agreement in Olson permitted awards of fees only to the prevailing party. The arbitration agreement here permits awards of both fees *and* costs.

prevailing party, the arbitrator may make an award of costs.

Patten Decl. Ex. J, at 2.

In awarding costs, the arbitrator did not exceed his authority under the arbitration agreement, because the award was not "outside the scope of the parties' contractual agreement" or based on an implausible interpretation of the arbitration agreement. See Mich. Mut. Ins. Co., 44 F.3d at 830 (holding that an arbitrator exceeds his powers within the meaning of § 10(a)(4) when he "act[s] outside the scope of the parties' contractual agreement"); see also United States Life Ins., 591 F.3d at 1177 (holding that an "arbitrator does not exceed its authority if the decision is a 'plausible interpretation' of the arbitration contract") (citation and internal quotation marks omitted). To the contrary, the arbitrator's award is based on an interpretation of the agreement that is fully supported by the agreement's language. Frid's motion to vacate the award of costs is therefore DENIED.

**C. Defendants Have Not Complied with the Requirements for Confirming the Arbitration Award**

In their opposition to Frid's motion, Defendants request in passing that the Court confirm the arbitration award. Opp'n. at 10. This request for confirmation does not meet the requirements of 9 U.S.C. §§ 9 and 13, which require, among other things, that notice of the application be served upon the adverse party, and that the agreement, award, and notice be filed with the Clerk. Accordingly, Defendants' request for confirmation is DENIED WITHOUT PREJUDICE. Defendants may file a motion to confirm the arbitration award, so long as such motion complies with applicable law. In the event that Defendants choose to file this motion, Defendants shall attach to their motion a proposed judgment.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

United States District Court
Northern District of California

**III. CONCLUSION**

Frid's motion to vacate the arbitration award is DENIED. Defendants may file a motion to confirm the arbitration award within 30 days of the date this order is filed.

**IT IS SO ORDERED.**

Dated: April 7, 2014

JON S. TIGAR
United States District Judge